**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**CASE NO.: 1:26-cv-01179**

CHRISTIAN "KRIS" STEININGER,

                Plaintiff,

v.

OUR DAILY BREAD MINISTRIES
FOUNDATION fka RBC MINISTRIES
FOUNDATION,

                Defendant.

_____

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

CHRISTIAN "KRIS" STEININGER, by and through his undersigned counsel duly admitted to the bar of this Court, hereby brings this Complaint against Defendant OUR DAILY BREAD MINISTRIES FOUNDATION fka RBC MINISTRIES FOUNDATION ("OUR DAILY BREAD") for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1.      Steininger brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to reproduce, distribute, and publicly perform—including by means of a digital audio transmission—its original copyrighted works of authorship.

2.      Defendant OUR DAILY BREAD MINISTRIES FOUNDATION fka RBC MINISTRIES FOUNDATION  is a 501(c)(3) charitable organization established in 1999 and headquartered in Grand Rapids, Michigan. Its primary mission is to accumulate and invest funds to support and build an endowment for RBC Ministries / Our Daily Bread Ministries, a well-known Christian media and devotional organization. Operating as a religion-related

**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE

fund-raising and fund-distribution entity, the foundation manages substantial assets—reported at $33.4 million—and disburses multi-million-dollar grants to support the ministry's global Christian education and devotional work. The foundation typically holds funds for long-term investment, enabling stable financial support for RBC Ministries' worldwide outreach through devotionals, publications, digital media, and other resources. Recent IRS filings show annual revenue in the $6–8 million range and grant awards as high as $8.9 million in a single year.

3.      At all times relevant herein, OUR DAILY BREAD owned and operated the Instagram account "ourdailybread" located at the internet URL www.instagram.com/ourdailybread (the "OUR DAILY BREAD Instagram Account") and the X account "Our Daily Bread" located at the internet URL www.x.com/ourdailybread (the "OUR DAILY BREAD X Account").

4.      The OUR DAILY BREAD Instagram Account and the OUR DAILY BREAD X Account are collectively referred to herein as the "OUR DAILY BREAD Social Media."

5.      Steininger alleges that OUR DAILY BREAD copied Steininger's copyrighted Work in order to advertise, market and promote their business activities.

6.      OUR DAILY BREAD committed the violations alleged in connection with Defendant's business.

## JURISDICTION AND VENUE

7.      This is an action arising under the Copyright Act, 17 U.S.C. § 501.

8.      This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

9.      OUR DAILY BREAD is subject to personal jurisdiction in Michigan.

10.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) and because the events giving rise to the claims occurred in this district, OUR DAILY BREAD

**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE

engaged in infringement in this district, OUR DAILY BREAD resides in this district, and OUR DAILY BREAD is subject to personal jurisdiction in this district.

## PLAINTIFF

11.     CHRISTIAN "KRIS" STEININGER is a Berlin-based composer, producer, mixer, and arranger with more than 20 years of experience working at the intersection of music and visual media. He has produced over 100 commercial scores and contributed music to more than 10 feature films, along with numerous album and song productions, remixes, trailers, and short films. Steininger previously operated under the name Pas De Deux and is known for his work on projects such as The Silence (2010) and Building on the Past (2006). He specializes in indie, electronic, pop, orchestral, and art-pop styles and is recognized for bridging the creative worlds of artists, directors, and the broader music industry.

## THE COPYRIGHTED WORK AT ISSUE

12.     In 2020, Steininger produced the sound recording "Elfe," which is the subject of this litigation and referred to herein as the "Work," a piano composition by acclaimed pianist Dario Lessing ("Lessing").

13.     Steininger owns all the rights to the master sound recording of Elfe by agreement with Steininger.

14.     Lessing registered the sound recording work with the Register of Copyrights on October 7, 2024, and was assigned registration number SR 1-014-065. The Certificate of Registration is attached hereto as **Exhibit 1**.

15.     The sound recording of Elfe has achieved significant streaming success and social media engagement across multiple platforms.

16.     As of June 2025, Elfe was streamed over 6.3 million times on Spotify, and appears on over 115 Spotify playlists, including Spotify's own curated playlists.

17.	Elfe garnered over 286,000 views on YouTube and received more than 25.8 million views on TikTok.  On Instagram, the Work has been used in 245,000 reels and on TikTok in over 2,500 videos.

18.	Elfe was never distributed as royalty-free to users for commercial uses.

19.	Elfe is not contained in any commercial music libraries licensed to Meta, TikTok, X, or other social networks.

20.	Elfe is only available for commercial use subject to license from Steininger.

## **INFRINGEMENT BY DEFENDANT**

21.	OUR DAILY BREAD was never licensed to use the Work at issue in this action for any purpose.

22.	On a date after the Work was created, but prior to the filing of this action, OUR DAILY BREAD copied, distributed, and publicly performed the Work.

23.	Plaintiff discovered the unauthorized use of Elfe by OUR DAILY BREAD on social media at:

　　　　a.	https://t.co/anb7Vhs2st (OUR DAILY BREAD X Account);

　　　　b.	 https://www.instagram.com/reel/DAsdFNSNkis (OUR DAILY BREAD Instagram Account);

　　　　c.	https://www.instagram.com/reel/DAcJhgKCR0_ (OUR DAILY BREAD Instagram Account); and

　　　　d.	https://www.instagram.com/reel/DADQjlHvneQ (OUR DAILY BREAD Instagram Account).

24.	OUR DAILY BREAD copied the Work without Steininger's permission.

25.	After OUR DAILY BREAD copied the Work, OUR DAILY BREAD distributed and publicly performed—including by means of a digital audio transmission—the Work as

**SRIPLAW**

CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE

advertising to promote the sale of products or services offered, made, owned, manufactured, distributed, and sold by OUR DAILY BREAD.

26.    OUR DAILY BREAD copied, distributed and publicly performed the Work in order to advertise, market and promote its social media pages, grow its social media subscriber bases, earn money from advertising to its social media followers, and engage in other money-making business activities using the Work.

27.    OUR DAILY BREAD committed these violations alleged in connection with OUR DAILY BREAD's business for purposes of advertising to the public.

28.    OUR DAILY BREAD committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

29.    Whenever Steininger made the Work available—such as for personal or non-commercial streaming—Steininger always provided copyright management information (CMI) for the Work in connection with the Work, including the title of the Work "Elfe" and the artist "Darrio Lessing."

30.    When OUR DAILY BREAD copied, distributed and publicly performed the Work as shown in **Exhibit 2**, OUR DAILY BREAD removed Steininger's CMI and substituted "Original-Audio" for the accurate and correct CMI for the Work.

31.    "Original-Audio" is false CMI and does not accurately reflect that the Work is a sound recording of a performance by Dario Lessing.

32.    OUR DAILY BREAD intentionally removed Steininger's CMI and provided CMI that OUR DAILY BREAD knew was false.

33.    Plaintiff never gave OUR DAILY BREAD permission or authority to copy, distribute or publicly perform the Work, to provide false CMI, or to remove CMI.

**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE

34.      Plaintiff notified OUR DAILY BREAD of the allegations set forth herein on October 21, 2025, October 30, 2025 and December 1, 2025, but to date the parties have failed to resolve this matter.

### COUNT I
### DIRECT COPYRIGHT INFRINGEMENT

35.      Steininger incorporates the allegations of paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36.      Steininger registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

37.      Steininger owns a valid registration in the Work at issue in this case.

38.      OUR DAILY BREAD copied, distributed, and publicly performed the Work at issue in this case without Steininger's authorization in violation of 17 U.S.C. § 501.

39.      OUR DAILY BREAD performed the acts alleged in the course and scope of its business activities.

40.      OUR DAILY BREAD's acts were willful.

41.      Steininger has been damaged.

42.      The harm caused to Steininger is irreparable.

### COUNT II
### VICARIOUS COPYRIGHT INFRINGEMENT

43.      Steininger incorporates the allegations of paragraphs 1 through 34 of this Complaint as if fully set forth herein.

44.      A third-party, the identity of whom will be obtained in discovery, copied, distributed, and publicly performed the Work at issue in this case on OUR DAILY BREAD'S social media accounts without Steininger's authorization in violation of 17 U.S.C. § 501.

**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE

45.    OUR DAILY BREAD has a direct financial interest in the infringement of the Work by the third-party from the use of the Work on OUR DAILY BREAD'S social media accounts.

46.    OUR DAILY BREAD profited from copying, distribution, and public performance of the Work at issue in this case on OUR DAILY BREAD'S social media accounts.

47.    OUR DAILY BREAD had the right and ability to control the use of the Work on its social media accounts.

48.    OUR DAILY BREAD had the right and ability to stop the infringement of the Work on its social media accounts.

49.    OUR DAILY BREAD is vicariously liable for the unauthorized copying, display, distribution, and creation of derivative works of the Work.

50.    Steininger has been damaged.

51.    The harm caused to Steininger has been irreparable.

## COUNT III
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

52.    Steininger incorporates the allegations of paragraphs 1 through 34 of this Complaint as if fully set forth herein.

53.    Plaintiff's Copyrighted Work contained copyright information (CMI) as defined by 17 U.S.C. § 1202 including the title of the Work "Elfe" and the artist "Darrio Lessing."

54.    Defendant knowingly and with the intent to enable or facilitate copyright infringement removed CMI from the Work in violation of 17 U.S.C. § 1202(b), as shown in **Exhibit 2**.

**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE

55.    Defendant committed these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate, or conceal infringement of Plaintiff's rights in the Work at issue in this action protected under the Copyright Act.

56.    Plaintiff has been damaged.

57.    The harm caused to Plaintiff has been irreparable.

## COUNT IV
## FALSIFICATION OF COPYRIGHT MANAGEMENT INFORMATION

58.    Steininger incorporates the allegations of paragraphs 1 through 34 of this Complaint as if fully set forth herein.

59.    Plaintiff's Copyrighted Work contained copyright information (CMI) as defined by 17 U.S.C. § 1202 including the title of the Work "Elfe" and the artist "Darrio Lessing."

60.    Defendant knowingly and with the intent to enable or facilitate copyright infringement provided false CMI for the Work as "Original-Audio" in violation of 17 U.S.C. § 1202(b), as shown in **Exhibit 2**.

61.    Defendant committed these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate, or conceal infringement of Plaintiff's rights in the Work at issue in this action protected under the Copyright Act.

62.    Plaintiff has been damaged.

63.    The harm caused to Plaintiff has been irreparable.

WHEREFORE, the Plaintiff CHRISTIAN "KRIS" STEININGER prays for judgment against the Defendant OUR DAILY BREAD MINISTRIES FOUNDATION fka RBC MINISTRIES FOUNDATION that:

**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE

A.      OUR DAILY BREAD be required to pay Steininger's actual damages and Defendant's profits attributable to the infringement, or, at Steininger's election, statutory damages, as provided in 17 U.S.C. §§ 504 and 1203;

B.      Steininger be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

C.      Steininger be awarded pre- and post-judgment interest; and

D.      Steininger be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Steininger hereby demands a trial by jury of all issues so triable.

Dated: April 10, 2026                          Respectfully submitted,

/s/ J. Campbell Miller
J. CAMPBELL MILLER
Bar Number: 38279-49
campbell.miller@sriplaw.com

**SRIPLAW, P. A.**
742 South Rangeline Road
Carmel, Indiana 46032
332.600.5599 – Telephone
561.404.4353 – Facsimile

and

JOEL B. ROTHMAN
Bar Number: 98820
joel.rothman@sriplaw.com

**SRIPLAW, P. A.**
21301 Powerline Road
Suite 212
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Christian "Kris" Steininger*

9

**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE